UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )<br>)<br>GREGORY KURZAJCZYK )<br>)<br>Defendant ) | Case No.:  22-CR-335<br>Honorable Mae A. D'Agostino |

**DEFENDANT'S SENTENCING MEMORANDUM**

**INTRODUCTION**

Gregory Kurzajczyk is facing a 10-year mandatory minimum sentence following his conviction for possessing images that contain child pornography following a jury trial before this Court. Accordingly, the court is aware of the facts and circumstances that supported the conviction as presented to the jury. Additionally, this Court presided over his 2016 conviction for Distribution of Child Pornography in which he was sentenced to 72 months imprisonment followed by a lifetime term of Supervised Release. He was 68 years old at that time. Mr. Kurzajczyk served his term of imprisonment and was released on February 16, 2022, and began his lifetime term of Supervised Release as ordered pursuant to the judgment in 1:16-CR-198.[1] Today he is 76 years old.  His prior conviction triggers the mandatory minimum 10-year sentence. There are several reasons for  this Court to consider a mandatory/minimum sentence of 120 months in lieu of a recommended guideline  sentence of 121-151 months.

The reasons, more fully discussed below, highlight a tragic set of circumstances that are all too familiar in cases where a person who viewed images of child pornography faces what tantamount to a life sentence. It was remarkable that he survived his previous sentence based on his deteriorating mental and physical health. Notwithstanding the fact that he has never had

---

[1] A Petition for Supervised Release is currently pending and is set to be resolved following the sentence in this case. Counsel has submitted a letter request seeking that the sentences run concurrently. (See Letter Request Docket #10 in 16-CR-198).

inappropriate contact with a minor nor would likely in the future, he faces what is tantamount to a life sentence. His best chance of leaving a BOP facility alive will be if an application for compassionate release is granted as both his mental and physical health will continue to decline.

Even more tragic is the fate of his wife of 37 years, Ewa Kurzajczyk. Ewa is 82 years old. Although she filed for divorce following his previous conviction the couple continue to reside in the home which remains in both of their names. During the period in which this offence occurred Ewa was visiting her family in Poland, it is believed that she has since returned to couples' home.

## HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Gregory Kurzajczyk grew up in Poland. He came to the United States in 1981 and is a US citizen. All of his education was completed in Poland including a high school diploma from the School of Art where he studied photography. He studied Journalism and Political Science at Warsaw University for four years. After college he worked as a photojournalist for a Polish Agency as well as local newspapers. His last job in Poland was for a large architectural bureau where he was responsible for printing photography. In the United States he worked and eventually is retired from working for a nursing home. He has worked in nursing homes for approximately 29 years. He started out his career as a mechanic. His first wife lives in Poland. They were married for 5 years and he has one daughter, Polina, who resides in Germany. He has had no relationship with his daughter for more than 30 years as a result of parent alienation. He has a stepdaughter from his current marriage. He has been married to his current wife for 37 years. Mr. Kurzajczyk has one sister and one brother. Both of his parents are deceased. He has contact with his brother via the telephone. He has had no contact with his sister for years. His father was both physically and emotionally abusive to him and his brother. He characterized his

father as "finding any reason to beat his children." He recalls an event where his father threatened to kill him with an axe.

In contrast to the instant offense, he is a conformist in most aspects of his life. Mr. Kurzajczyk had no history of criminality in the United States prior to his 2016 conviction. He has no substance abuse issues. He was able to maintain stable employment. He lived in a stable relationship with his wife for over three decades. He has provided and cared for his wife for during their entire relationship.

There is no clear understanding, explanation, or excuse for downloading and viewing these materials and now a second time. Again, maybe none is necessary. Although he is legally competent his explanations and understanding of the circumstances and the interaction with his Probation Officer and later with the interviewing agents highlight the reality of the mental and health crisis he was struggling with upon his release and during his initial period of Supervised Release as reported in the PSR paragraphs 59-62. He was struggling with getting his Medicare benefits established. He was unable to get his medications reinstated for five months following his release. (PSR parg. #61) It is not hard to conclude how this disruption in both his prescriptions for mental and physical health, made all aspects of his compliance with conditions even more difficult. As basic as having access to competent medical care including one's prescriptions medications would be one of the most important and foundational aspects of any release plan. His requests for assistance with the only person he asked was probation officer, and she was unable to assist beyond referring him to the government agencies. The statutory sentencing scheme has already required the Court to sentence him to 120 months.

**Financial Condition: Ability to Pay**

The defendant's previous PSR in case 16-CR-198 reported that he and his wife's only asset was the couple's home that valued at about $165, 000. The only income at that time was the couple's social security income. Accordingly in his previous report and based on the defendant's financial resources, obligations, projected earnings, and income, it appeared he did not have the ability to pay a fine. (16-CR-198, Docket #45, paragraph 55).

In the current PSR the defendant's financials have not significantly changed. The only asset that remains is the couple's family home which now has a reported value of $202,000. The couples only income remains in social security which is a total sum of $2,270. Naturally following this conviction, the combined benefits will be cut to $900 because Mr. Kurzajczyk's Social Security will be terminated, leaving Ewe only $900 to maintain the household.[2] Yet in contrast and without explanation or legal basis to divest Mrs. Kurzajczyk her equity in the home the PSR reports that the defendant can pay a fine based in the shared equity in the couple's home. Notwithstanding the Court is statutorily required to order restitution at a minimum of $3000.00 per identified victim. Contrary to the conclusion in the PSR, Mr. Kurzajczyk does not have the ability to pay a fine or restitution.

**CONCLUSION**

In the best-case scenario, a sentence at the mandatory minimum, Mr. Kurzajczyk will be 85 years old when he will be eligible for release, assuming he survives that long. He had a chance of surviving a somewhat normal life when he began his lifetime term of Supervised Release in the early Spring of 2022. Sadly, based on his mental, physical and lack of any

---

[2] The previous PSR indicated the breakdown of their Social Security Benefits. (See Case 1:16-CR-00198-MAD Document 45 paragraph #55.

meaningful support, he was destined to fail, and he did. His first term of imprisonment of 72 months was unsuccessful to alter his behavior, time will tell if a sentence at the statutory mandatory minimum will be successful this time.

Date:   February 6, 2024                             LISA PEEBLES
                                                     Federal Public Defender

                                         BY:        /s/ Gene V. Primomo
                                                     Gene V. Primomo
                                                     Assistant Federal Public Defender
                                                     Bar Roll No.: 509668

## Certificate of Service

   I, Gene V. Primomo, hereby certify that the foregoing pleading has been served upon the U. S. Attorney by the court's electronic filing system.

February 2, 2024                  <u>*Gene V. Primomo*</u>